UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN DEPREY, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| FEDEX FREIGHT, INC., | : | |
| | : | |
| Defendant. | : | January 17, 2018 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Jonathan Deprey, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff, Jonathan Deprey, is a citizen and resident of the State of Florida.

2. At all times material, defendant FedEx Freight, Inc. was and is a Arkansas corporation with a principal place of business located at 22000 Forward Drive, Harrison, Arkansas 72601.

3. At all times material, plaintiff was an employee within the meaning of Tile VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

4. At all times material, defendant is an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act, C.G.S. §46a-60(a), et seq.

6. At all times material, defendant is an employer within the meaning of the Connecticut Fair Employment Practices Act, C.G.S. §46a-60(a), et seq.

## JURISDICTION AND VENUE

7.  The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

8.  This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

9.  The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

10. Plaintiff is male.

11. Defendant employed plaintiff at its facility located at 130 Old County Circle, Windsor Locks, Connecticut 06096.

12. Defendant hired plaintiff on or about September 2, 2015.

13. Plaintiff's job position is dock worker.

14. Plaintiff was subjected to sexual harassment in defendant's workplace.

15. Defendant's employee showed plaintiff a photo of a penis.

16. The penis photo was on the employee's cell phone.

17. The employee repeatedly commented: "who has a small dick?"

18. An employee stated to plaintiff:

    a.  "let me see your cock"

    b.  "I want to suck your cock"

    c.  "let me kiss you"

19. An employee stated: "no, nigga, suck my cock".

20. An employee stated "fuck", "shit" and "who wants your cock sucked".

21. One or more of defendant's supervisory employees was aware of the sexual harassment occurring in the workplace.

22. One or more supervisory employees failed to stop the sexual harassment.

23. The sexual harassment was severe or pervasive.

24. The sexual harassment was unwelcomed.

25. Plaintiff considered the workplace to be hostile or abusive.

26. A reasonable man in plaintiff's circumstances would have considered the work environment to be hostile or abusive.

27. Plaintiff complained to defendant's human resources department.

28. Shortly after making the complaint, defendant brought plaintiff into a security meeting and confronted plaintiff with an allegation of misconduct.

29. Plaintiff denied the misconduct allegation.

30. The misconduct allegation was false.

31. On or about May 2, 2017, plaintiff filed a complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

32. On or about October 24, 2017, plaintiff received a Release of Jurisdiction from the CHRO attached hereto as Exhibit 1.

33. On or about May 2, 2017, plaintiff filed a complaint against the defendant with the Equal Employment Opportunities Commission (EEOC).

34. On or about December 11, 2017, plaintiff received a right to sue letter from the EEOC attached hereto as Exhibit 2.

**FIRST COUNT – Hostile Work Environment - Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et sq.**

1. Plaintiff re-alleges paragraphs 1-34 as set forth above as paragraphs 1-34 of this First Count.

35. The acts and/or omissions of the defendant as described in this Complaint constitute sexual harassment within the meaning of Title VII of the Civil Rights Act of 1964.

36. Defendant, by and through its agents and/or employees violated Title VII of the Civil Rights Act of 1964 in one or more of the following ways:

37. The sexual harassment as described in this Complaint had the purpose or effect of substantially interfering with plaintiff's work performance or creating an intimidating, hostile or offensive working environment.

38. Defendants, by and through their agents and/or employees, violated C.G.S. §46a-60(a)(8) in one or more of the following ways:

(a) In that defendant engaged in sexual harassment;

(b) In that defendant failed to take action or adequate action to protect the plaintiff from sexual harassment;

(c) In that defendant tolerated or permitted sexual harassment;

(d) In that defendant failed to exercise reasonable care to prevent and promptly correct sexual harassment.

39. As a direct and proximate result of defendant's unlawful conduct, plaintiff suffered harms and losses.

40. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendants' unlawful conduct.

## SECOND COUNT – Hostile Work Environment - Sexual Harassment in Violation of C.G.S. §46a-60(a)(8)

1. Plaintiff re-alleges paragraphs 1-40 as set forth above as paragraphs 1-40 of this Second Count.

41. Defendant, by and through its agents and/or employees, violated C.G.S. §46a-60(a)(8).

42. As a direct and proximate result of defendants' unlawful conduct, plaintiff suffered harms and losses.

43. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendants' unlawful conduct

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; emotional distress damages; punitive damages; reasonable attorneys' fees; costs; interest; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: January 18, 2018

 

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT 1**

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



Jonathan Deprey
**COMPLAINANT**                                                CHRO No. 1610534

v.                                                             EEOC No. 16A-2016-01178

FedEx Freight, Inc.
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:**   October 24, 2017                         _____
                                                    Tanya A. Hughes, Executive Director

cc:   James V. Sabatini, Esq., via email: jsabatini@sabatinilaw.com
      Craig T. Dickinson, Esq., via email: cdickinson@littler.com

**EXHIBIT 2**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jonathan Deprey<br>6 Redwood Street<br>Enfield, CT 06082 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2016-01178 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*   **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Kenneth An*                         **DEC 11 2017**

Feng K. An,                              *(Date Mailed)*
Area Office Director

Enclosures(s)

cc:
FEDEX FREIGHT, INC.
22000 Forward Drive
Harrison, AR 72601

James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
One Market Square
Newington, CT 06111